UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA WILLIAMS,

        Plaintiff,

v.

UNKNOWN HAENICKE and
UNKNOWN PARTIES,

        Defendants.
_____/

Case No. 1:19-cv-11

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Kenyatta Williams (sometimes referred to as "Williams").  For the reasons set forth below, this complaint should be dismissed.

**I.**    **Plaintiff's complaint**

Plaintiff's complaint is directed against Michigan State Court Judge Haenicke and may involve a state court case or police file identified as No. 18-014676.  *See* Compl. (ECF No. 1, PageID.1).[1]  Apparently, plaintiff was arrested and spent some time in the Kalamazoo County Jail.  *See id.* ("on or about 11/13/2018 I was unlawfully sized [sic] and unknown, and known state actors take me, my liberty and religious property and caused me to be confined in Kalamazoo County Jail").  Plaintiff refers to Judge Haenicke and KDPS (presumably Kalamazoo Department of Public Safety) who "did Brutally violently, and forceful attack, invade, and levy on and against state constitution, did not provide or disclose what the Law is, issued and caused to be served

---

[1] Plaintiff has recently filed a "notice" (ECF No. 7) in which he unilaterally changed the caption to identify the defendants as "Judge Haenicke / K.D.P.S. Sheriff / Jeffrey Getting". In this "notice" plaintiff states that Mr. Getting (the Kalamazoo County Prosecutor) has "has put out a warrant" for him and wants the Court to serve the complaint because he fears for his life.  Plaintiff's "notice" is not a pleading and will not be considered in this report.

necessary order essential to protect me as one of the leaders to state." *Id*. Plaintiff also alleged that "Five or more state agents that did banded together, and conspiracy denied and did deprive me of inalienable natural humen [sic] liberty's and power to be free to move about in the land, to act according to my own sacred divne [sic] power, and right to have compelled specific performance as secured, protected and inalienably guaranted [sic] to at least one and to all people injured within the United States territory in violation of law and at common law.  See 18 USC 241[,] 242 and 371 and state constitution." *Id*.  Then, "on or about Nov. 27, 2018" plaintiff "was put on noties [sic] about this false and misleading [sic] documentation to the court, and again on or about Nov. 29, 2018." *Id*.

Plaintiff apparently claims that whatever transpired with the "state agents" was illegal because he was "force[d] to do business with the Court in violation of M.C.L.A. 445.1-445.5, and U.C.C. 1-207 and 1-308." *Id*.  In this regard, plaintiff cites portions of Michigan's version of the Uniform Commercial Code (UCC) with respect to "carrying on business under assumed or fictitious name" (M.C.L. § 445.1-445.5).  Plaintiff also cites UCC 1-207, which was changed to UCC 1-308 and codified at M.C.L. § 440-1308 (performance or acceptance under reservation of rights).

It appears that these UCC citations are intended to support some claim involving a "certificate of persons conducted business under assumed name" ("DBA certificate") which Williams filed in 2017.  In this filing, Williams identified himself as Kenyatta Williams [followed by artwork], doing business under the assumed name of "KENYATTA WILLIAMS."  Plaintiff stated that in violation of the DBA certificate and the UCC, "this sheriff and court jurisdiction [sic] took my inalienable natural human liberty, will, possession, and dignity to their and city profit, absent you [sic] knowing and voluntary consent." *Id*. at PageID.1.  Plaintiff also refers to his

2

"liberty and property" rights to a 1996 Land Rover. Apparently, someone took this Land Rover, because plaintiff claims that "[t]here is an can be no law or rule that is lawful and right to take people of God [sic] religious property in the land or anywhere in this world." *Id*. at PageID.2. Plaintiff also states that "Sheriff [sic] failure and refusal to have me restored would provide aid and comfort to state and united [sic] enemies as a part of a conspiracy on and against the same." *Id*.

## II.  Discussion

### A.  Lack of jurisdiction

As an initial matter, the Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In the complaint, plaintiff states among other things: that he is a business rather than a person; that he was forced "to do business" with the state court in violation of UCC; that "[t]here is and can be no law or rule that is lawful and right to take people of God [sic] religious property", in this case a 1996 Land Rover; and that the sheriff's "failure or refusal to investigate" and to "have [plaintiff] restored" provided "aid and comfort to state and united [sic] enemies as a part of a conspiracy on and against the same." Compl. at PageID.1-2. The "complaint" is essentially a misguided manifesto against officials in Kalamazoo County. Plaintiff's complaint is implausible, unsubstantial, frivolous, devoid of merit and largely incomprehensible. *See Apple*, 183 F.3d at 479. Accordingly, it should be dismissed for lack of jurisdiction.

### B.     Failure to state a claim

In addition, the complaint does not state a claim against defendant(s).  The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915.  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus,

4

a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because he has not alleged the violation of any federal law or federal constitutional right.  Plaintiff has no claim under 18 U.S.C. §§ 241 ("conspiracy against rights") and 242 ("deprivation of rights under color of law").  These statutes are criminal statutes that do not provide a private right of action. *See United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003); *Weathers v. Holland Police Department*, No. 1:13-cv-1349, 2015 WL 357058 at *2 (W.D. Mich. Jan. 27, 2015).  It has long been held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  The same can be said for plaintiff's attempt to claim relief under another criminal statute, 18 U.S.C. 371 ("conspiracy to commit offense or to defraud the United States").

Next, plaintiff makes claims under Michigan's version of the UCC.  These claims are predicated on plaintiff's filing of a DBA certificate which appears to be an attempt to obfuscate his identity, i.e., plaintiff certified that he is Kenyatta Williams [followed by artwork] who transacts business under the "business name" of "KENYATTA WILLIAMS".  *See* DBA Certificate (ECF No. 1-1, PageID.5).  Then, plaintiff claims that he was forced to do business with the court in violation of the UCC.  Plaintiff's claim is utter nonsense.  Plaintiff is not some entity transacting business under the name of Kenyatta Williams, and court proceedings are not business transactions regulated by the UCC.

Next, plaintiff has failed to allege any cause of action against the sheriff.  His claim that the sheriff performed some wrongful act is nothing more than an accusation that "the -

5

defendant - unlawfully - harmed - me" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Finally, Judge Haenicke is the only defendant identified by name. As a judge performing judicial functions, he is entitled to absolute judicial immunity from plaintiff's suit against him, even if he acted erroneously, corruptly or in excess of jurisdiction. *See Mireles v Waco*, 502 U.S. 9, 12-13 (1991). Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Id*. at 11-12.  Plaintiff has alleged no facts to overcome Judge Haenicke's absolute judicial immunity.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** with prejudice.


Dated:  January 31, 2019                             /s/ Ray Kent
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).